Seligman *et al. vs.* Ferst & Company *et al.*

JOSEPH SELIGMAN *et al.*, trustees, plaintiffs in error, *vs.* M. FERST & COMPANY *et al.*, defendants in error.

57 | 561<br>
115 | 634<br>
115 | 635

1. The injunction in bankruptcy contemplated by the decisions of this court in *52 Georgia Reports, 371*, and *55 Ibid., 547*, is not alone a perpetual injunction granted on final decree.

2. The present case being special and peculiar, inasmuch as it grew out of attachments at law which were levied within four months preceding the adjudication of bankruptcy, and which were, therefore, dissolved, *ipso facto*, by the adjudication; and inasmuch as the bill and the appointment of a receiver were in lieu of similar attachments which could have been sued out by the complainants, their demands being, in their nature, legal and not merely equitable; and inasmuch as the seizure of the assets by a court of equity was made within four months preceding the adjudication, and the bankrupts were not made parties to the bill until after the adjudication; and inasmuch as said seizure was thus in the nature of attachment, being made without notice or warning to the debtors, and without any regular action *in personam* instituted against them : therefore, let the fund in the hands of the receiver be surrendered to said trustees, except so much thereof as is legally necessary to defray the costs and expenses of collecting the fund and of securing it until the order of surrender shall be granted.

Bankruptcy. Injunction. Jurisdiction. Equity. Before Judge TOMPKINS. Chatham Superior Court. November Adjourned Term, 1875.

This case will be found fully reported in 55 *Georgia Reports*, 546. It is only necessary to add the following :

To the petition of the trustees in bankruptcy to have the funds in the hands of the receiver of Chatham superior court turned over to them, the complainants filed, amongst other, the following objections :

1st. That the injunction alleged to have been granted by the district court of the United States for the southern district of Georgia, and referred to in said petition, if of any binding force or validity, is, and was, temporary only, and subject to the further order of the said district court upon the prayer of the bill upon which it was granted, and that demurrers to the said bill were filed at the July rules of said district court, next after the filing of the said bill, upon which demurrers the said cause is still pending and awaiting a hearing.

2d. That the said bankruptcy proceedings were not commenced, nor prosecuted, nor the said petitioners appointed trustees in any court of the United States for this state.

3d. That it is not competent for the judge of the district court of the United States for the southern district of Georgia, or for that court, to enjoin any of the complainants from seeking redress in this court, for the purpose of aiding bankruptcy proceedings in a foreign jurisdiction.

4th. That no judge or court of the United States has authority to interrupt or enjoin parties in a cause pending in a court of this state, under the laws thereof, from proceeding with said cause.

5th. That any part of the bankrupt law which authorizes, or seems to authorize, any judge or court of the United States to interfere by injunction with parties who had already commenced to litigate in the courts of this state, is, to that extent, unconstitutional and void.

6th. That the petitioners are citizens of a foreign state, deriving their fiduciary character from the appointment of a foreign tribunal, to which alone they are amenable, and intend to remove the assets now in the hands of the receiver of this court, if delivered to them, out of the jurisdiction of this state into that foreign state, to be disposed of by that foreign tribunal.

7th. That this court having first taken jurisdiction of the case involving the distribution of said assets, and having said fund in its custody and control, and having all parties in interest before it, and full power and jurisdiction to afford full, complete, and adequate relief in the premises, and to determine the priorities of the respective creditors and claimants of said fund, is the proper tribunal to distribute said fund and not the said petitioners; and unless said fund is distributed by this court, there is no tribunal in the state to which these complainants can apply for the protection of their interests and the preservation of their rights, and they apprehend the loss of the entire fund to them if the same is delivered up to the said petitioners, who have not, nor can give, any bond or

security available to these complainants in this state, to insure or protect their rights in the premises.

8th. That the assets of the firm of H. Mayer & Company, now in the hands of the receiver, were not, in or by the aforesaid bankruptcy proceedings in the state of New York, transferred to, or vested in, the said petitioners.

9th. That the said petitioners are not entitled to any of the said assets, except such as shall remain after payment of the creditors of the said firm of H. Mayer & Company, bankers, doing business lately in this state, and the costs and expenses incurred, and to be incurred, in the prosecution of the above entitled case.

10th. That the complainants, as the creditors of the said firm of H. Mayer & Company, have a priority in the distribution of the funds, in the hands of the receiver, to the extent of the amounts due to them respectively, which amounts have been ascertained by the report of the master in chancery, appointed by this court in said cause, over any claim of said petitioners as trustees as foresaid, and that said petitioners are entitled only to so much of said fund as may remain in the hands of the receiver, after distribution to these complainants, and such sum as may be found to be due the firm of Kaufman & Company, by the firm of H. Mayer & Company.

Wherefore the complainants submit that the order prayed for in the said petition ought not to be granted.

The chancellor refused the order prayed for and the trustees excepted.

A. T. AKERMAN ; WEST & CUNNINGHAM, for plaintiffs in error.

J. R. SAUSSY; JACKSON, LAWTON & BASINGER; GEORGE A. MERCER; HOWELL & DENMARK, for defendants.

HARTRIDGE & CHISHOLM ; W. U. GARRARD, for the receiver.

BLECKLEY, Judge.

Notwithstanding the views indicated by this court in 52 *Georgia Reports*, 371, and 55 *Ibid.*, 547, in reference to injunctions by the federal courts in connection with their bankruptcy jurisdiction, it is still urged that there is no authority of law for granting any such injunction. If, indeed, none can be granted, then it cannot be necessary to obtain any. It follows that, in a proper case for turning over a fund, it should be turned over on due application for it, without any injunction. If this court has gone wrong heretofore in treating an injunction as a part of the assignee's or trustee's remedy to reach the fund, the correction of the error would not be to hold that there is no remedy, but that injunction is no part of it.

1. If injunction can be granted at all, that it need not be founded on a final decree in the federal court and thus be declared perpetual, is hardly doubtful. To wait for such an injunction before surrendering the fund, if, on the record evidence presented to the state court, the fund ought to be surrendered, would seem to be over-ceremonious. Doubtless, the chief, if not the only value of injunction, is to indicate a claim of right on the part of the federal jurisdiction to administer the fund for itself, free from the agency of the state tribunal. This purpose is served as soon as an injunction is granted with a direct view to causing the fund to be withdrawn for federal administration in bankruptcy.

2. The fund in the hands of the receiver of Chatham superior court being legal and not equitable assets, (see 18 *Georgia Reports*, 66, 67,) the seizure of the same, though by a court of equity, was in the nature of attachment, more especially as that seizure was made to satisfy legal and not purely equitable causes of action, and took place before the debtors themselves were made parties to the bill. It is true, the bill was amendable, and it was amended by making these persons parties; but this occurred after the adjudication in bankruptcy, and, consequently, after their title to the assets

had been divested. When the trustees now claiming the fund were appointed, their title related back to the adjudication. That title they could enforce by action if the assets were in the hands of any private person; but they cannot, or need not, sue the receiver, who holds them for the court, and, therefore, their remedy is by petition to the court whose officer the receiver is. Theirs, as appears from an inspection of the record, is the true legal title, and that title goes back behind the real, effective commencement of suit in Chatham superior court against the bankrupts. When the bankrupts were sued *in personam*, they had no title whatever. A decree against them in that suit ought not to dispose of assets to which they had no title when they were made parties, if the trustees, as they have done, come forward and assert their claim. In view of the special nature of the case, and as this is the second time it has been before us, we dispose of it by directing as set out in the second head-note.

Judgment reversed.