## MERRY, trustee, *v.* JONES, receiver.

1. Where the main purpose of the suit is to foreclose a mortgage, and there is also an incidental prayer for relief appropriate to insolvency proceedings, a receiver's possession thereunder will not be affected by a subsequent adjudication in bankruptcy.
2. But where the main purpose of the petition is to obtain relief appropriate only in insolvency proceedings, the fact that a mortgage may be foreclosed as an incident therein will not save the case from the nullifying effect of bankruptcy on pending State insolvency proceedings.
3. In the present case the mortgage does not appear in the record, the pleadings do not describe the mortgaged property, and there is no prayer for a foreclosure. The prayers, to marshal the assets, to enjoin other creditors from proceeding except in such suit, and to appoint a receiver to take charge of all the property of the defendant, are adjusted to insolvency proceedings, and not to the foreclosure of a mortgage.

Argued January 12, — Decided March 4, 1904.

Intervention.     Before Judge Spence.     Mitchell superior court. March 11, 1903.

Merry, the trustee in bankruptcy of the Rogers Lumber Company, presented an intervention to the superior court of Mitchell county, averring that on December 5, 1901, the Rogers Lumber Company had been adjudicated a bankrupt in the district court of the United States for the southern district of Georgia; that he was the duly qualified trustee of its estate; that on the ——— day of ———, 1901, A. T. Jones was appointed receiver of the property of the Rogers Company by the superior court of Mitchell county, on the petition of the Lowe Company against the Rogers Company; that the receiver then had in hand $1,725, the proceeds of a sale of the Rogers Company's property; and that Merry, the trustee, was legally entitled to the possession and control of said assets, and had been authorized by the district court to make such application. He prayed to be allowed to intervene in the case of the Lowe Company against the Rogers Lumber Company, and for an order directing the receiver to turn over the money in his hands to the trustee. This petition was served on

the receiver, and of the parties to the record at the time of the hearing the receiver alone answered, substantially admitting all of the facts set up in the trustee's petition; but he claimed that he was appointed receiver in an equitable proceeding for the foreclosure of a mortgage before the Rogers Lumber Company had been adjudicated a bankrupt, and before the bankruptcy proceedings had been instituted, that he had only taken possession of the property covered by the mortgage, and that the fund in hand only represented the proceeds of the sale thereof.    The case was tried mainly on the pleadings in the case of Lowe Company against Rogers Lumber Company, from which it appears that on November 25, 1901, the Lowe Company filed in the superior court of Mitchell county a petition which, after reciting that petitioner, the Lowe Company, was a corporation, and that Rogers Lumber Company was a partnership, and Jones Brothers likewise a partnership, proceeds as follows:    They show that Rogers Company are indebted to them on two mortgages amounting to more than $2,000; that the Rogers Company is insolvent, owning a sawmill with appurtenances, besides a commissary containing several hundred dollars worth of goods, besides timber owned and leased, all worth between $5,000 and $6,000; that Jones Brothers have a claim against Rogers Company for $1,500, about $1,100 of which is secured by a mortgage on practically all of the property of the Rogers Company; that the Georgia Trading Company has a claim against the Rogers Company for about $2,000, and claims some kind of a lien against said property, that the same is in the hands of the sheriff, who is taking steps to collect the same; that there are many laborers who have claims against the company for labor done at the sawmill, and there are many other claims besides unknown to petitioner; that Jones Brothers have foreclosed their mortgage and have sold the live stock, and $664, proceeds thereof, are in the hands of the sheriff awaiting the determination of rules to determine conflicting priorities; that Jones Brothers have obtained an order to sell the sawmill plant on November 25, 1901, and, because of the peculiar character of the property, the want of local buyers, and the fact of its being advertised under a ten-day order as expensive to keep, instead of as usual under levy and sale, the property will be sacrificed and bought in by Jones Brothers for far less than its value; that there will be many

suits for the enforcement of liens and debts against the sawmill; that with this multiplicity of suits and conflicting claims the property will be consumed in costs; and to prevent a multiplicity of suits, and have all of said property sold to the best advantage, the petition prayed for the appointment of a receiver to take charge of the property; that the sheriff be enjoined from selling the same, and be required to turn over to the receiver the cash in hand as proceeds of the live stock, and that all of the creditors be enjoined from enforcing their claims separately, but be required to be made parties to this petition and to prove their claims hereunder, and receive such sum as the court may award, and that the court proceed to sell through the receiver all of said property. Process was prayed against Rogers Company, Jones Brothers, and the sheriff, who acknowledged service.

A receiver was appointed, who was directed to take charge of all of the property of the Rogers Company in any way connected with the sawmill or the shingle-mill, the goods in the store, all timber belonging to the company or held under a lease, and the money in the hands of the sheriff; and all persons having possession of any property or money arising from the sale of the property of the company for the last fifteen days were required to turn over the same to the receiver.  The receiver was also authorized to continue the sawmill business until it could be sold after due advertisement.  All other suits against the company or the property mentioned were enjoined, and the parties allowed to intervene in this cause.  None of the defendants served answered, except Jones Brothers, who asserted the necessity of the sale to preserve property mortgaged to them against loss, and denied any bad faith in connection therewith.  The mortgage of Jones & Company nowhere appears in the record.  There are reports by the receiver set out, in one of which he describes the specific property sold, and the amount received for each article, but no reference is made as to what mortgage, if any, covered the same.  In his answer to the present proceeding by the trustee he says that the funds in his hands are the proceeds of that portion of the Rogers Company's property connected with the sawmill mentioned in the petition under which he was appointed; and that he was appointed a receiver in a proceeding for the foreclosure of a mortgage before proceedings in bankruptcy had been instituted.  He denies

that the trustee is entitled to the possession of the fund.　In his testimony he states that he took possession of the property mentioned in the order appointing him receiver, and sold the same. The receiver claimed that the property mentioned in the mortgage of the Lowe Company was not worth the amount of the mortgage of Lowe Company, and did not sell for near enough to pay off the claim; that the property mentioned in the mortgage of Jones Brothers was not worth and did not sell for enough to pay the debt; that the entire amount realized from the sale of the property was about $2,300; that he took possession of no property as receiver except that embraced in the mortgages and other liens foreclosed in the State court; and that the total property sold did not bring enough to pay the liens thereon.　In the record there is no copy of a note or other evidence of any debt, and no copy of any mortgage.　The court refused the prayer of the trustee generally, and he excepted.

*Akerman & Akerman,* for plaintiff.　*J. W. Walters, S. S. Bennet, J. H. Merrill,* and *C. L. Pettigrew,* for defendants.

LAMAR, J. (after stating the foregoing facts.)　If under foreclosure proceedings the State court appoints a receiver to take charge of the mortgaged property, and the defendant is subsequently adjudicated a bankrupt, the trustee is not entitled to the possession of the mortgaged property, but can only claim the surplus remaining after the payment of the secured debt.　And where the suit was in fact one to foreclose a mortgage, this rule would not be changed, if as an incident to the main purpose the mortgagee went further and also prayed for relief usually incident to State insolvency proceedings.　See Metcalf *v.* Barker, 187 U. S. 177; Carling *v.* Seymour Lumber Co., 113 Fed. 483, and cit.　But the converse is not true.　If the main purpose of the suit in the State court is to inaugurate insolvency proceedings, and a receiver thereunder takes possession of all the property of the defendants, his possession will not be saved from the nullifying effect of the subsequent bankruptcy because it also incidentally appears that the petitioner had a mortgage which was a lien on some of the property, and that it might be enforced in the progress of the administration of the insolvent's estate.　The suit in the State court here was not a foreclosure proceeding.　It is alleged that petitioner had

a mortgage, but it is also alleged that he had a debt; and, without regard to the sufficiency of the pleading, the relief prayed for may have been asked as well because the complainant was a creditor as because it had a lien. The property on which petitioner had a lien was not described in the pleadings, the mortgage was not attached as an exhibit, it does not appear in the record, and there is no prayer for a foreclosure. On the contrary, the petition prayed for relief which was appropriate only in an insolvency proceeding. It asked that all the assets of the defendant be taken in charge by the court; that a receiver be appointed; that all creditors be enjoined from proceeding under any other suit, and be required to set up their claims and liens in the pending equity cause; and that the court determine the rights of the parties. While it was not a case under the trader's act, it was yet seeking to do in the State court exactly what Congress declared shall be done exclusively in the court of bankruptcy, and was rendered nugatory by the adjudication in bankruptcy within four months thereafter.

Jones & Company, one of the defendants in that case, was alleged "to have a mortgage on practically all of the property of the Rogers Company." This mortgage does not appear in the record; what property of the debtor was omitted does not appear; nor is it shown how much the property so mortgaged brought when sold. It is averred that their mortgage debt was only $1,100, and it appears that the receiver now has in hand $1,725, and that the amount realized by him at the sale was $2,300. Even if it be conceded that upon the nullification of Lowe & Company's petition the rights of Jones & Company reattached as they existed prior to the filing of the petition, there was no data to determine how much of the money now in the hands of the receiver covered property not included in their mortgage, nor does it appear what was the amount of their debt, nor how much in the hands of the receiver was in excess of that to which they may have been entitled. The trustee in bankruptcy is prima facie entitled to the custody of the property belonging to the bankrupt, and those who dispute his right thereto must overcome his prima facie title by affirmatively showing the existence of the exception.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*