## McGAHEE *et al. v.* CRUICKSHANK, receiver, *et al.*

1. Where at the time a corporation is adjudged a bankrupt its property is in the custody of a receiver appointed by a State court, and a receiver is appointed by the bankruptcy court pending the selection of a trustee, who desires possession of the corporate assets in the hands of the receiver of the State court, the proper course of procedure is for the Federal court receiver to apply to the State court to make a proper order directing that the property in the hands of the receiver be delivered to him.

2. Where proceedings are brought in a State court for the winding up of the affairs of a corporation, and a receiver is appointed, and subsequently, and within four months thereafter, the corporation is adjudged a bankrupt, and a receiver is appointed by the bankrupt court pending the appointment of a trustee, it is not erroneous for the State court to order its receiver to deliver the assets of the corporation in his hands (less cost and compensation for its officers) to the Federal court's receiver, upon the latter's application, in order that such may be administered by the bankrupt court

Submitted June 7,—Decided December 24, 1909.

Petition and intervention. Before Judge Ellis. Fulton superior court. November 2, 1908.

*Mayson & Hill,* for plaintiffs in error.

*Moore & Pomeroy* and *Candlers, Thomson & Hirsch,* contra.

EVANS, P. J. On August 5, 1908, all of the stockholders of the Adams & Hoyt Company, a corporation, filed a petition in the superior court of Fulton county setting out that it was a corporation of that county, authorized by its charter to do a general jobbing business in soda-water apparatus, supplies, and the dispensing of soda; that on the previous day there had been a meeting of the stockholders, at which all the capital stock of the corporation was represented, and a resolution was unanimously passed reciting that

the company did not have sufficient funds on hand to pay off its past-due indebtedness in cash, and could not continue its business without danger of loss resulting from litigation; and resolving that the charter of the company and all of its franchises and rights thereunder be voluntarily surrendered to the State, and that a petition be presented to the superior court in the name of all the stockholders, making known the surrender of its charter and franchises, and asking that the court take charge of the assets of the company and administer them through a receiver appointed for that purpose. The assets and indebtedness of the corporation were set out, the former being somewhat in excess of the latter.    It was further alleged, that, unless a court of equity should intervene, great loss would result to the stockholders and creditors, and therefore it was necessary that a receiver be appointed to liquidate the business under the direction of the court; that the company was not insolvent, and under proper management it should be able to pay all creditors and leave something to the stockholders.    The prayer was that the court accept the surrender of the charter and franchises, that a receiver be appointed to take charge of the assets of the company, that all creditors be allowed to intervene, and that all persons be enjoined from interfering in any way with the assets of the corporation in the hands of the receiver, or from instituting suits on their claims in any other court, or any other case, or proceeding with suits already instituted.    The court appointed a receiver in accordance with this prayer.    T. F. McGahee and other creditors intervened, praying to assert their rights as such creditors.

On October 21, 1908, on the petition of W. G. Bothwell, a stockholder, and other creditors, the Adams & Hoyt Company was adjudged bankrupt, and the matter was duly referred to a referee in bankruptcy to take such further proceedings therein as required by law.    Thereupon W. G. Bothwell and other creditors filed their petition in the bankruptcy proceedings, asking for the appointment of a receiver.    Upon this petition a receiver was appointed, and in the order of appointment he was "directed to apply to the judge of the superior court of Fulton county for an order authorizing him to take charge of and hold all the property and assets of the said Adams & Hoyt Company."    The receiver in the United States district court in the bankruptcy proceeding filed his petition setting forth that the Adams & Hoyt Company had been declared bank-

rupt, that its assets were in the hands of the receiver appointed by the judge of Fulton superior court, and that, in accordance with the order of the district court of the United States, he made formal application to intervene in the case of the stockholders against the company, and prayed that the receiver appointed by the superior court of Fulton county deliver to the receiver of the United States court all of the assets, money, property, and choses in action belonging to the Adams & Hoyt Company, which may have been received by such receiver. Upon the hearing the superior court passed an order directing its receiver to turn over to the receiver appointed in the bankruptcy proceedings all of the assets of the Adams & Hoyt Company in his possession, retaining one thousand dollars from which to pay the expenses of the State court proceedings, and providing that the surplus should in like manner be turned over. McGahee and the other intervening creditors excepted.

The plaintiffs in error raise the question whether, where the assets of a bankrupt corporation are in possession of a receiver appointed by the State court, the State court should deliver such assets, less the costs and expenses of the State court, to a receiver appointed by the United States court in bankruptcy proceedings, upon simple petition of the receiver of the United States court. It is their contention that it is not the duty of the State court in an insolvency procceding to turn over to the trustee or receiver in bankruptcy the assets in the custody of the receiver, until the United States court shall enjoin the parties in the State court from further proceeding to have their claims adjudicated; and they cite the cases of *Freeman* v. *Fort,* 52 *Ga.* 371, and *Ballin* v. *Ferst,* 55 *Ga.* 547, to sustain their position. The ruling on this subject in the cited cases was overruled and departed from in *Seligman* v. *Ferst,* 57 *Ga.* 561, where it was held that in a proper case for turning over a fund the State court should direct its receiver to turn over the fund to the receiver of the United States court or trustee in bankruptcy, on due application for it, without any injunction. The constitution of the United States confers upon Congress plenary and paramount power to establish uniform laws on the subject of bankruptcy throughout the United States. All Courts, both State and Federal, are bound by the enactments of Congress, within its constitutional limitation. The bankruptcy act of 1898 placed the

administration of the affairs of insolvent persons and corporations · exclusively within the jurisdiction of the United States court sitting as a court of bankruptcy. The object and intent of the bankrupt act could not be accomplished unless, after proceedings begun under its terms, by virtue of which the bankrupt court acquires jurisdiction of the person and property of the bankrupt, the State court should yield to the bankrupt court the bankrupt's assets in its possession under insolvency proceedings. The proper procedure is for the trustee or receiver in the bankrupt proceedings to petition the State court to make the proper order for the delivery of the bankrupt's assets by the State court receiver to the trustee or receiver of the bankrupt court, as was done in this case. *Wilson* v. *Parr*, 115 *Ga.* 629 (42 S. E. 5); *Merry* v. *Jones*, 119 *Ga.* 643 (46 S. E. 861).

2. But it is insisted that nothing appears in the record to take the case out of the general rule that the State court having first obtained jurisdiction of the "res" will retain it. It is strenuously denied that the cause in the State court was either an insolvency proceeding, or in the nature of such, or presents any other features which will bring the case at bar within any recognized exception to the general rule. Nominally the petition in the superior court was filed by its stockholders; but it appears from an exhibit thereto attached, setting forth the creditors of the corporation, that one of the stockholders, W. G. Bothwell, was a large creditor. Indeed, the amount of his debt exceeded one fourth of the total liabilities. The prayer of the petition was for the court to accept the surrender of the corporate charter, and to distribute its assets among creditors and stockholders. It is true that the corporation's solvency is averred; but the narrow excess of alleged assets over admitted liabilities, in connection with the admission that the corporation could not pay its past-due indebtedness, should have great weight in determining the nature of the action. There is neither allegation nor prayer inconsistent with a proceeding in insolvency. It is undisputed that the corporation was adjudicated a bankrupt within four months of the institution of the proceeding in the State court. We are mindful of the rule of law that the court first obtaining jurisdiction of the "res" retains it to the end; but in bankruptcy there are three well-defined exceptions, two of which are thus stated in 1 Remington on Bankruptcy, §§1602, 1625: (1) "Where

the property at the time of the bankruptcy is in the possession of an assignee for the benefit of creditors or of a trustee or receiver appointed outside of bankruptcy, where the assignment, receivership, or trusteeship is created within the four months preceding the filing of the bankruptcy petition, in which event, upon the adjudication in bankruptcy occurring, the bankruptcy court supersedes the insolvency court and the court appointing the assignee, receiver, or trustee, and takes over the property involved for administration in bankruptcy." (2) "Where the property at the time of the bankruptcy is in the custody of a State court under State insolvency or State bankruptcy proceedings, or proceedings amounting to such, in which event such proceedings are superseded by the Federal bankruptcy proceedings." We are inclined to think that the cause pending in the State court was at least in the nature of an insolvency proceeding; but whether we treat it as such or as coming under the operation of section 67-f of the bankruptcy act, the corporation had been duly adjudged a bankrupt within four months from the institution of the cause in the State court; and upon the authority of *Wilson* v. *Parr,* supra, the court did not err in granting the application of the receiver in bankruptcy.

<i>Judgment affirmed. All the Justices concur.</i>