8479.  MORAN & WILKINSON *v.* MARTIN, trustee.

Where the superior court was in possession of funds arising from the sale of real property under proper order of that court in partition proceedings, and the distributive share of one of the cotenants was paid into its registry, under order of the court, on information as to the existence of certain outstanding liens against him, of file and record in the court, and certain creditors of his filed, by permission of the court, an intervention claiming the impounded fund, under and by virtue of general judgment executions in their favor against him, and, within four months from the granting of the order impounding the fund and from the filing of the intervention, he was adjudicated a bankrupt, and within this period of four months the trustee in bankruptcy filed in the superior court a petition asking that the fund in its hands be awarded to him for distribution, the judge of the superior court properly directed the award of the fund to the trustee in bankruptcy. The fund in the possession of the superior court at the time of the adjudication in bankruptcy was not derived from the enforcement of any lien, and the intervention by which it was sought to appropriate the fund *otherwise* coming into the hands of the superior court to certain judgment liens (more than four months old), being itself filed within less than four months from the time the defendant in execution had been adjudicated a bankrupt, the bankruptcy court was entitled to administer the fund.

DECIDED JANUARY 29, 1918.

Intervention and claim ; from Chatham superior court—Judge Morris presiding.  January 13, 1917.

Osborne, Lawrence & Abrahams, Allen & Pottle, for plaintiffs in error.  O'Byrne, Hartridge & Wright, contra.

WADE, C. J.  A proceeding to partition certain realty was instituted in the superior court of Chatham county by several cotenants, jointly interested as legatees, and the property, being incapable of equitable division otherwise, was (under proper order) sold by the commissioners for distribution.  Subsequently it was made to appear that there were of file and record in the office of the clerk of that court several judgments and liens against John G. Thomas, one of the cotenants, and it was thereupon ordered by the court that the portion of the fund arising from said sale, which

constituted his distributive share, should be paid into the registry of the superior court, "and that all parties having claims against his said interest [should] have the right to intervene therefor before this court." This order was entered on November 18, 1915. Thereafter Moran & Wilkinson filed an intervention in the superior court, claiming the impounded fund under certain general judgments against Thomas, alleged to be a lien upon all of his property. After the passage of the order of November 18, impounding the distributive share of Thomas, which amounted to $144.11, and authorizing intervention by his creditors, he was adjudicated a bankrupt. Thereafter, before any distribution of the fund in the hands of the superior court had been made, or before any order setting up liens against it was entered, and within less than four months from the time Thomas had been adjudicated a bankrupt, the trustees in bankruptcy made an application to the superior court for the impounded fund, in order that it might be distributed through the court of bankruptcy. This application was granted and the judge passed an order requiring the clerk of the superior court to pay over to T. B. Martin, as trustee, the said sum of $144.11, less such costs as might be due the clerk. Moran & Wilkinson excepted to the order awarding the fund to the trustee in bankruptcy as against them, and the question is here for determination.

The judgment liens against Thomas were general liens only, and the fund in the hands of the superior court came into its possession through partition proceedings and totally without reference to and without the aid of the liens claiming the fund. The superior court therefore did not *acquire* possession of the fund under and by virtue of the liens in question, or through any effort to enforce them. Apparently the trustee in bankruptcy pursued the exact course held proper in *McGahee* v. *Cruickshank*, 133 *Ga.* 649 (66 S. E. 776), in that he applied to the State court for an order directing that the fund in the registry of the court be delivered over to him. The possession of the fund by the superior court was wholly incidental, and while the order passed by that court, based upon information derived from its records as to the existence of outstanding judgments and general liens against the partitioner Thomas, allowed his creditors to intervene and have their priorities established and their rights to the fund determined

43

by the court, when Thomas was adjudicated a bankrupt, another court, possessed of broader powers and more comprehensive means of administering the fund equitably and with proper consideration for the rights of *all* creditors of the bankrupt (whether judgment creditors or not), acquired jurisdiction over his assets; in which court all parties interested could appear and be heard as to the validity of any outstanding judgment or judgments, lien or liens, against the bankrupt, with full opportunity afforded non-judgment creditors to attack any such claims in judgment, and to defeat them if for any reason they or any of them should be non-enforcible or not entitled to their apparent priority as judgment claims. Quite a different case is presented by the record under consideration from one in which the fund in the hands of the State court is brought into that court by the enforcement of a valid subsisting lien more than four months old. The State court, as to the fund in its hands arising from the partition proceedings, was a mere custodian or depository, and occupied no different position from that of a bank or individual in possession of property belonging to the bankrupt and held for his benefit or convenience, and the transfer of the fund to the bankruptcy court upon the petition of the trustee and the order of the superior court did not deprive the State court of its jurisdiction to enforce a pending valid subsisting lien more than four months old at the time of the bankruptcy, since the proceeding to distribute the fund was merely ancillary to the main proceeding.

"In general, an adjudication of bankruptcy vests the bankruptcy court with exclusive jurisdiction to administer the property of the bankrupt, as against any State court which may have obtained possession of such property through proceedings instituted within four months prior to the adjudication, and it is immaterial that the proceedings in the State court were for the enforcement of valid liens not affected by the bankruptcy act." In re Knight, 125 Fed. 35 (4). In the case under consideration the proceeding in which the court obtained possession of the property was, it is true, instituted more than four months prior to the adjudication in bankruptcy, but this proceeding was not one to enforce a lien, and in fact the ancillary proceeding to enforce the lien in favor of Moran & Wilkinson was not begun in any view until their intervention was filed, and it was not filed four months prior to the

adjudication, but only a few days anterior thereto. Had the case been one in which the State court had obtained possession of the bankrupt's property through proceedings instituted *for the purpose* of acquiring possession of it in order to enforce a lien against it, and the effort to enforce the lien had been instituted more than four months prior to the adjudication, an entirely different state of facts would have been presented. In the Kaplan case, 144 Fed. 159, the headnote is as follows: "A trustee in bankruptcy is entitled to possession of all of the bankrupt's property, and to administer the same, although it may be subject to liens or in possession of a State court in proceedings to enforce a lien, instituted within four months prior to the bankruptcy." A careful consideration of that case will serve to differentiate it from the case now under consideration, if the fact be recalled that the proceeding *to enforce the liens* in favor of Moran & Wilkinson and against the property impounded in the superior court was not instituted within four months prior to the bankruptcy, but was only begun (under the most liberal view that can be taken) when the judge of the superior court, upon information, directed in his order of November 18, 1915, that the creditors of Thomas be allowed to intervene in that court and set up their claims to the fund paid into the registry of the court in his behalf; and this proceeding, as stated above, was instituted less than four months before Thomas was adjudicated a bankrupt. As held in the Kaplan case, supra, a trustee in bankruptcy is entitled to the possession of all the bankrupt's property and to administer it, even where it is subject to liens or in the possession of a State court in proceedings to enforce a lien, where such proceedings are instituted within four months prior to the bankruptcy. In our opinion, therefore, the trial judge did not err in directing the clerk of the superior court to pay over the fund in question to the trustee in bankruptcy, for administration by the bankruptcy court.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*