WILLIAM O. FLEMING, guardian, plaintiff in error, *vs.* P. L. ODUM, trustee, defendant in error.

A levy upon personal property of the principal defendant, sufficient to satisfy the execution, and such property delivered up to the assignee in bankruptcy of such principal debtor, by the sheriff, will discharge the surety; the assignee in bankruptcy has no authority to take property seized on final process of a state court; it is the same, in effect, as if the sheriff had delivered the property to the defendant himself; and hence this case is controlled by *Lumsden vs. Leonard,* 55 *Ga.*, 374.

Principal and security. Levy and sale. Bankrupt. Before Judge WRIGHT. Baker Superior Court. May Term, 1877.

Reported in the opinion.

W. O. FLEMING; D. A. VASON, for plaintiff in error.

No appearance for defendant.

JACKSON, Judge.

Fleming held an execution against Mills, principal, and Odum and Hall, securities. It was levied upon certain property of Odum, one of the sureties, and claimed by another Odum as trustee, etc. Various questions were made in regard to the *bona fides* of the trust deed, but the controlling question, we think, is whether a levy upon personal property of Mills, the principal debtor, was sufficiently explained as not productive, or as not hurting the security; or, rather, whether the fact that this property was delivered, *after levy,* by the sheriff to the assignee in bankruptcy, and thus lost to the *fi. fa.*, or judgment, discharged the surety.

Fleming, guardian, *vs.* Odum, trustee.

The facts were, that after the property—personal property—consisting of mules, cattle, etc., etc., enough to satisfy the execution—had been levied upon by the sheriff, they were turned over to the assignee in bankruptcy of the principal defendant, and carried off by him. Does this discharge the surety? In *Lumsden vs. Leonard*, 55 *Ga.*, 374, it was ruled that the giving up by the sheriff to the defendant of the principal's cotton, discharged the surety to the extent of the value of the cotton. In the case at bar, the personal property was in the hands of the sheriff on final process, and the assignee in bankruptcy could not dispossess him, legally, of it.

In respect to this property so levied on, the assignee stood in the shoes of the defendant, and the sheriff had no more right to deliver up the property to the assignee, than he would have had to deliver it to the defendant himself; therefore *Lumsden vs. Leonard* controls this case. Indeed, this case is stronger for the surety than that. In that case the defendant still had the property, and another levy might have been made, and the only hurt the surety sustained was the danger that defendant, his principal, might have run it off. This risk was increased, because the creditor, through the sheriff, had in hand enough to pay the debt from the principal's property, and let it go; but in this case, much more has the surety been hurt; for the property has gone to another—the assignee has it, and probably has disposed of it to pay other debts—at least, it has not been heard of since. This creditor has not pursued it, either against the sheriff or the assignee, or claimed the proceeds in the bankrupt court. It is gone—a dead loss to this judgment—and the surety is hurt to the extent of its value, and that is enough to pay the whole judgment. So that the result is that the surety's property is levied on to pay a judgment which the creditor had enough of the principal's property to pay, but, by his fault and the sheriff's—one or both—let it unlawfully get away from under the levy. We think it clear that the surety is discharged.

Judgment affirmed.