## 198. KAMINSKY *v.* HORRIGAN, sheriff.

1. The obligation of a replevy bond, filed with an affidavit of illegality, is to redeliver the goods at the time and place of sale.

2. The lien of a judgment obtained more than four months prior to the filing of the petition in bankruptcy is superior to the adjudication in bankruptcy; and the adjudication of the principal in a replevy bond to be a bankrupt does not relieve the surety from the obligation of his bond, especially where such surety takes no step to bring such lien to the attention of the bankrupt court.

3. Where property is levied upon and it is replevied, the principal or surety must show why the identical property levied upon is not delivered. And where such suit is brought upon such bond, the burden of proof is upon the defendant surety, and not upon the plaintiff, to show sufficient reason why such property is not produced.

Action on bond, from city court of Savannah—Judge Norwood. January 12, 1907.

Submitted February 27,—Decided July 18, 1907.

*Osborne & Lawrence, E. H. Abrahams,* for plaintiff in error.

*George W. Owens,* contra.

RUSSELL, J. On November 5, 1903, Horrigan, sheriff of the city court of Savannah, levied an execution in favor of Max Ripps for the sum of $192.26, and costs, upon the stock of goods of one I. Berendt, the return of the levy being as follows: "On and by virtue of the within execution I have this day levied upon the following property belonging to one I. Berendt: the stock of goods now in the storehouse kept by said Berendt on the southwest corner of York and East Broad streets, Savannah, Georgia." Berendt contested the levy by affidavit of illegality, and gave a forthcoming bond for the property, with Kaminsky, plaintiff in error, as surety on the bond; the words of description of the property replevied, employed in the bond, being the same as those used in the levy. The affidavit of illegality was filed on December 15, 1903, and the bond was executed on the same day. The condition of the bond was such that should Berendt deliver said property so levied on at the time and place of sale, in the event said illegality should be dismissed by the court or be withdrawn, or should L. Kaminsky do so for him, then said bond to be void; else of full force and effect. The illegality was dismissed by the court on the 11th day of July, 1904. On May 23, 1904, Berendt applied for homestead, filing schedule showing the stock of goods as owned by him as part of his assets, approximating $1,500 in value. On July 23, 1904, the stock of goods in the storehouse kept by I. Berendt on the southwest corner of York and East Broad streets, Savannah, Georgia, as the property of said I. Berendt, was surrendered into the custody of the bankrupt court of the United States for the eastern division of the southern district of Georgia; and on July 23, 1904, Berendt was adjudicated an involuntary bankrupt. Under an order of the referee in bankruptcy, the property as above described was sold by the trustee in bankruptcy at public outcry, and brought the sum of $560. After the adjudication in bankruptcy had been made, the affidavit of illegality was dismissed in the State court; and when the sheriff

went to make demand for the goods, he found the same in the charge of the deputy marshal of the United States, acting as custodian of the bankruptcy court. The surety pointed out the goods to the sheriff, but delivery was refused by the marshal.

The defendant in error filed his suit to the May term, 1905, of the city court of Savannah, alleging as follows: that I. Berendt and L. Kaminsky were residents of the city of Savannah; that at the November term, 1903, of the city court of Savannah, Max Hipps obtained judgment against the said I. Berendt for $192.26 principal, and interest from November 26, 1902, and costs of court, and that on said date an execution was issued from said court on said judgment and levied on that day on the stock of goods then in the storehouse of I. Berendt, on the southwest corner of York and East Broad streets in the city of Savannah; that on the 15th day of December, 1903, said Berendt filed his affidavit of illegality to said execution, and gave bond in terms of the law, with said L. Kaminsky as surety on the same, conditioned that should said Berendt deliver said property so levied on, at the time and place of sale, in the event said illegality should be dismissed by the court, or withdrawn, or should the said L. Kaminsky so do for him then said bond to be void; else of full force and effect; that subsequently said illegality was dismissed by the court on the 11th day of July, 1904; and that, subsequent to the filing of the said illegality, said Berendt filed his petition for a homestead in the court of ordinary of Chatham county, and, subsequent to filing said petition for homestead, filed a petition in bankruptcy in the United States court, southern district and eastern division of Georgia, in which he also claimed a homestead, and that on the 23d day of July, 1904, this last petition was referred to the referee in bankruptcy, and on the 28th day of July, 1904, Berendt was adjudicated a bankrupt; and that on the 17th day of August, 1904, a trustee was appointed for said bankrupt's estate, who duly qualified, and filed his petition for authority to sell all of the property belonging to said bankrupt's estate; and that an order was duly passed giving said authority on the 10th day of October, and the trustee filed his report of the sale on the 20th day of December, 1904, showing that all of the property of the said Berendt had been sold for the sum of $560, which sale was duly confirmed; and that on the 29th day of November,

1904, said trustee filed his report of the property set apart to said Berendt as a homestead, and an order was passed approving said report, whereby all of the property of Berendt was set aside to him as a homestead. Petitioner further showed that from the date of said levy, namely, November 5, 1903, to the 23d day of July, 1904, when the marshal of the United States court took possession of the stock of goods of Berendt, the said Berendt had remained in possession of the stock of goods levied on previously by the sheriff, and continued to sell the same in due course of business, and continued to do business in his store on the southwest corner of York and East Broad streets in the city of Savannah; and that by virtue of the above facts it was impossible to advertise said property of Berendt for sale or to require him or his surety aforesaid to produce the same at the time and place of sale; whereby the principal and surety became indebted to the petitioner for the use of Max Ripps in the amount of his bond.

In reply to plaintiff's petition the defendant denied the allegation in all the other paragraphs, except that he resided in Chatham county; and set up, that, though he admitted the execution of the bond described in the petition, he was not liable thereon, because, on the 28th day of July, 1904, Berendt was adjudicated a bankrupt, and on the 29th day of November, 1904, he received his discharge in bankruptcy, whereby Max Ripps became barred from further proceeding against the defendant; and for the further reason that all of the property for the forthcoming of which said bond had been given was taken charge of by the bankruptcy court and administered by it, and that by reason of said administration he was unable to produce or deliver said goods upon the demand of the plaintiff in this case.

Before the trial of the case, plaintiff amended his petition as follows: "Your petitioner further shows that from the date of said levy, to wit November 5, 1903, to the 23d day of July, 1904, when the marshal of the United States court took possession of the then stock of goods of the said Berendt, he, the said Berendt, remained in possession of the stock of goods levied on by the sheriff of the court, and continued to sell the same in due course of business, and continued to do business in his store on the southwest corner of York and East Broad streets in the city of Savannah." To this amendment the defendant demurred, but it was allowed by the

court; and to the averment of said amendment the defendant filed no plea.

This case was evidently tried in the court below on the single issue as to whether the stock of goods taken charge of by the United States marshal in aid of the proceedings in bankruptcy was the same stock of goods levied on by the sheriff. The contention of the plaintiff was, that, before the marshal took charge of the property, the stock of goods had been changed or disposed of by sale from time to time until more than enough of the stock had been dissipated to pay the plaintiff's debt. The defendant's surety contended that the stock of goods was the same, and that as a surety he was relieved from liability on the forthcoming bond, by reason of the fact that the property was placed beyond the power of his principal and himself on account of its seizure by the bankrupt court. We would find no fault with the judgment of the lower court if this were a real issue which should have been determined; for it appears that the stock was for nearly eight months in the custody of the defendant Berendt, and that his doors remained open for business; and we think the jury could have reasonably inferred that in that length of time as small an amount as $192 worth of the goods in stock must have been sold or disposed of. We think it, however, fruitless to discuss the various assignments of error arising from a trial predicated upon the theory to which we have alluded. The errors committed, if any, were immaterial. The real issue in the case was whether the surety was liable on his bond for the non-production of the property according to the terms of his obligation. Under the agreed statement of facts he was liable, because the proceedings in bankruptcy were not instituted for more than four months after the levy of the sheriff. The lien was not divested by the proceedings in bankruptcy. Bankrupt act 1898, §§ 67, 67 f, 30 Stat. 564, 565 (U. S. Comp. St. 1901, 3449); *Dozier* v. *McWhorter,* 113 *Ga.* 584, 39 S. E. 106. Neither the trustee in bankruptcy nor the United States marshal was entitled to the possession of the goods; and when Berendt, the principal, surrendered them to the bankrupt court, it was the duty of the surety to bring to the attention of that court the fact that the stock of goods was subject to the lien of the fi. fa. which had been levied upon them, and to have procured their release for his own protection. Having tacitly con-

sented to the surrender of this stock of goods, it does not lie in his mouth to claim an advantage from that which he could himself have prevented. In so far as the homestead is concerned, it appears to have been taken in the residue of the stock of goods after the adjudication in bankruptcy, and to have been dependent entirely upon it. As the stock of goods under levy should not have been turned over to the bankrupt court, and as this disposition could have been prevented by the surety, he can derive no benefit from that. As said by the Supreme Court in *Fleming* v. *Odom,* 59 *Ga.* 363, "The personal property was in the hands of the sheriff on final process, and the assignee in bankruptcy could not dispossess him, legally, of it." And in this case the property levied upon was in the hands of the principal (only by reason of the bond upon which the defendant Kaminsky was surety), and the trustee in bankruptcy could not have dispossessed him if the surety had interposed proper and timely objections. The defendant failed to carry the burden resting upon him. The admission in his answer that he executed the bond, and that the goods were not produced in accordance with its terms, put upon the defendant the burden of showing that all of the goods levied upon had been set apart, and that more of them were sold.

In this view of the case we think that the verdict for the plaintiff was demanded by the evidence; and as none of the exceptions taken addressed themselves to this, the true view of the case, they need not be noticed.　　　　　　　*Judgment affirmed.*