Belknap,
June 6, 1911.

## DOWNS v. KNIGHTS OF COLUMBUS.

A by-law of an insurance company, like a similar provision in a policy, is one of the terms of its contract, a waiver of which may be found from a proved course of conduct.

A retention of the payments made upon a policy of insurance issued in contravention of the company's by-laws is evidence of a waiver of the right to treat the contract as void, in the absence of a conclusively established reason for the course pursued.

Evidence that an insurance company repeatedly infringed its by-laws by issuing policies to persons engaged in the liquor business and retained the payments made thereunder is competent to show that a member of the inhibited class acted in good faith in entering upon the contract.

An objection to the admission of secondary evidence is waived unless taken at the trial.

ASSUMPSIT, upon a policy of insurance on the life of the plaintiff's husband. Trial by jury. A nonsuit was ordered by *Chamberlin*, J., at the March term, 1910, of the superior court, and the plaintiff excepted.

At the time the policy was issued and thereafter the person insured was engaged in the liquor business. The defendant is a fraternal beneficiary association. Its by-laws provided that no one engaged in that occupation could be insured by it and that no local officer could waive this provision. Several members of the local body were so employed. No objection was made, and when one of them died the insurance was paid. The defendant retains and claims title to the assessments paid to it on account of the policy sued upon.

*Owen & Veazey* and *Arthur A. Tyler*, for the plaintiff.

*Napoleon J. Dyer, Charles B. Hibbard*, and *Joseph C. Pelletier* (of Massachusetts), for the defendant.

PEASLEE, J. The by-laws relied upon to defeat a recovery here can have no greater effect than a similar provision in a policy of insurance. In either case the provision is only one of the terms of the contract, and a waiver of its stipulations may be found from a proved course of conduct. *Dunn* v. *Insurance Co.*, 69 N. H. 224; *Salvail* v. *Foresters*, 70 N. H. 635; *Lally* v. *Insurance Co.*, 75 N. H. 188. There was evidence of a waiver in the present case, and the

plaintiff was entitled to go to the jury upon that issue. It is not necessary to decide whether the conduct of the subordinate lodge was binding upon the central body until known to it. At the time the proof of loss was filed, if not before, the defendant knew the insured had been engaged in the liquor business. It then claimed a forfeiture, but it neither returned nor offered to return the assessments it had received. This act is that of the defendant itself and not of some subordinate body. In the absence of a conclusively established reason for the course taken, it must be treated as evidence from which a waiver of the right to treat the contract as void or non-existent could be found. No such reason was shown. The claim of fraud which is now suggested does not go beyond presenting an issue of fact.

Even if it be conceded that the by-laws were of such a character that none of the local officers could in any way modify the insurance contract, the fact remains that there was a long continued course of business not in accordance with the by-laws. This was probably known to the insured and tended to show that he did not attempt to defraud the defendant, but on the contrary entered into the contract in good faith. If this was true, the defendant could not retain the benefits of the transaction and at the same time escape its burdens. *McDonald* v. *Insurance Co.*, 68 N. H. 4; *Security Ins. Co.* v. *Riley*, 157 Ala. 553; *Lord* v. *Society*, 129 Mich. 335; *S. C.*, 134 Mich. 357. But this is precisely what it is attempting to do. In its brief it claims title to the assessments, upon the ground that the insured had been guilty of fraud. But fraud was not conclusively proved, and upon the evidence in the case the jury might have found that the defendant did not believe it had been defrauded. So far as the evidence produced at the trial was concerned, no reason was conclusively shown why the defendant should attempt to reap a benefit from the transaction and at the same time avoid its contract. The defendant's argument is based upon the theory that the plaintiff's case must be conclusively proven, while the issue here is merely whether there is any evidence to support a verdict in her favor.

A finding that the insured entered into the contract in good faith and in the way the defendant's business was customarily done might be made upon the evidence produced. Add to this the proved fact that the defendant retained the assessments, and a case is made which calls upon the defendant to explain its course, or else submit to the result of inferences reasonably drawn from its conduct. The case should have been submitted to the jury.

The only other objection argued in the defendant's brief is that the policy was not put in evidence, and therefore there was nothing to show that the deceased was ever insured. The policy was produced, identified, and marked as an exhibit. If this did not make it a part of the evidence in the case, other facts shown would warrant the finding that a policy had been issued for the sum of $1,000. Undoubtedly those facts were secondary evidence, but no objection to their admissibility was offered. The reason is plain. No one thought of the objection now made at the time of the trial. If then taken it could have been instantly obviated. It does not require extended consideration here.

It appears by the transferred case that "the defendant agreed that if its motion for a nonsuit was granted and that ruling held by the supreme court to be error, that judgment should be entered for the plaintiff in the sum of one thousand dollars and interest." Judgment is ordered accordingly.

*Exception sustained.*

All concurred.