## VIRGINIA-CAROLINA CHEMICAL COMPANY *v.* RYLEE.

1. The statutory action under the insolvent traders act is maintainable only against one who is a trader at the time the petition is filed.

2. In its original form the action was by lien creditors against their debtor, to cancel certain deeds to land, alleged to have been fraudulently made by their debtor, and to subject the land to their specific liens. By amendment it was sought to subject the debtor's equity of redemption

in the same land to the payment of these liens. Such a suit is not a general insolvency proceeding, and is unaffected by the debtor's subsequent adjudication as a bankrupt, occurring more than four months after the liens on the land were obtained.

3. A debtor has no leviable interest in land which he has conveyed to secure a debt, until the property has been redeemed by himself or the moving creditor; and redemption can be accomplished only by payment of the secured debt in full. In the absence of equitable ground, the mere fact that the lien of a judgment creditor, obtained against the grantor subsequently to the making of the security deed, can not be enforced by levy and sale until the grantor's title has become revested by redemption, is insufficient to subject the grantor's interest in the land as an equitable asset.

4. Applying the foregoing principles to the facts, no case was made authorizing the appointment of a receiver of the property by the State court; and as the property was in custodia legis by virtue of a levy of a distress warrant made more than four months prior to the debtor's adjudication as a bankrupt, against which levy a claim was filed and is now pending in the superior court, it was error to direct the receiver to deliver possession of the property to the bankrupt's trustee for administration in the court of bankruptcy.

APRIL 16, 1913.

Equitable petition. Before Judge Jones. Hall superior court. August 1, 1912.

The Virginia-Carolina Chemical Company, Billups Phinizy, and Hardeman & Phinizy filed an action against J. M. Rylee, his wife, Chastalet Rylee, and T. E. Atkins, praying for the cancellation of certain deeds, the appointment of a receiver, and other equitable relief. It was alleged, that J. M. Rylee was indebted to the Virginia-Carolina Chemical Company in the principal sum of $594.90 upon a judgment dated March 16, 1908, to Billups Phinizy in the principal sum of $1,247.54, besides interest, on a distress warrant, which had been levied on 200 acres of land on January 1, 1908, and to Hardeman & Phinizy in the principal sum of $558.73 on a judgment obtained May 16, 1910; and that these debts represent as much as one third in amount of the unsecured debts of Rylee, and were incurred while he was engaged in the business of buying and selling cotton and fertilizers; that Rylee is the owner of two described tracts of land, one of which, containing 200 acres, he has conveyed to T. E. Atkins, and the other to his wife, in fraud of petitioners and with intent to hinder them in the collection of their debts; and that the debtor owns no other property upon which petitioners can enforce their liens. The prayers of the petition were, to enjoin the defendants from conveying the land or

changing the status; for cancellation of the deeds from the debtor to his wife and to Atkins; for process; and "that a receiver be appointed to take charge of the property above described, and to collect all of the assets, real and personal, choses in action, money, notes, and accounts of the defendant, J. M. Rylee, and that the same may be appropriated to the claims of your petitioners and the just debts of the creditors of said J. M. Rylee." By amendment the plaintiffs alleged.that Rylee was insolvent, that he was receiving the rents of the land, and that for stated reasons a better price could be secured if the land be sold by a receiver than if sold by the sheriff. In a second amendment they alleged, that the distress warrant of Billups Phinizy was levied on the 200-acre tract of land on March 1, 1908; that Atkins filed a claim to the land, and the papers were returned to the superior court of Banks county for trial; that the land was in the custody of the sheriff who made the levy; that the land was conveyed to Atkins to secure a debt amounting to something over $3,000; that Atkins' title is good as against all claims except those of the Virginia-Carolina Chemical Company and of Billups Phinizy; that there is no contest between these claims, inasmuch as the property is enough to pay them all; that there are outstanding liens against the principal debtor, four months older than the adjudication in bankruptcy, to the extent of $11,000; that the holders of junior liens can not levy their fi. fas. without redeeming the property and paying off the Atkins debt; that since the petition was filed the court had dissolved the order appointing a receiver as to all the property except the 200-acre tract, which was worth from $6,000 to $7,000—much less than the subsisting liens. Upon this petition B. F. Carr was appointed temporary receiver. At an interlocutory hearing the court refused to appoint a receiver for the land alleged to have been conveyed to Mrs. Rylee. Afterward J. M. Rylee was adjudged a bankrupt, and his trustee filed an application to require the temporary receiver to deliver to him the possession of the 200-acre tract of land, to be administered in the court of bankruptcy. The application for the appointment of a permanent receiver and the motion of the bankrupt's trustee were heard together. In his order, after reciting that the creditors' petition was an insolvency proceeding filed within four months of the bankrupt's adjudication, the court ordered the temporary receiver to deliver the property in his hands to the trustee in bankruptcy. Exception was taken to this judgment.

*Evins & Spence* and *John J. & Roy M. Strickland,* for plaintiffs.
*B. P. Gaillard, Johnson & Johnson,* and *C. N. Davie,* for defendants.

EVANS, P. J.   (After stating the foregoing facts.)   The application of the complaining creditors for a permanent receiver, and the motion by the bankrupt's trustee to require the temporary receiver to turn over to him the tract of land for administration in the United States court, were heard together.   The judgment under review is silent as to any action by the court upon the creditors' application for a permanent receiver; but notwithstanding the court's omission in this regard, it becomes necessary, in passing upon the propriety of the judgment to which exception is taken, to consider whether the evidence on the interlocutory hearing presented a case for receivership.

1.   The court was of the opinion that the suit before him was an insolvency proceeding.   The petition had one or two earmarks of a statutory proceeding against an insolvent trader, but its general structure clearly indicates that it was designed to subject in equity two specific tracts of land to the liens of the complaining creditors. One factor is conclusive against characterizing the petition as brought under the insolvent traders act; and that is, there is no pretense that the principal debtor was a trader at the time the petition was filed.   The statutory proceeding under the insolvent traders act can be brought only as against a trader,—one engaged in business at the time.   Civil Code, § 3249; *Ball* v. *Lastinger,* 71 *Ga.* 678.

2.   In its original form the petition sought to subject in equity, to the plaintiff's liens, specific property alleged to have been fraudulently conveyed for the purpose of hindering the complaining lien creditors.   In its amended form the plaintiffs sought to subject the debtor's equity of redemption in the same land to the payment of their liens.   At an interlocutory hearing the court eliminated the creditors' attack on the tract of land alleged to have been fraudulently conveyed to the debtor's wife.   So that all that remained in the case at the time of the hearing were the allegations pertaining to the plaintiffs' claim to subject in equity, to the payment of their liens, Rylee's interest in the 200-acre tract of land which he conveyed to T. E. Atkins.

It is contended that though the plaintiffs' petition may not have

been brought under the insolvent traders act, nevertheless it is such an insolvency proceeding that the possession of the temporary receiver thereunder can not be saved from the nullifying effect of the bankruptcy of the principal defendant, occurring within four months of the filing of the petition. The accuracy of this contention depends upon the scope and purpose of the suit. The liens of the complaining creditors were obtained more than four months before the defendant was adjudged a bankrupt. The distress warrant had been levied more than four months before the defendant's bankruptcy. Sec. 67 (b) of the bankruptcy act applies only to such liens as are created within four months prior to the filing of the petition in bankruptcy; but where the lien of a judgment, or of a distress warrant (fixed by its levy), is obtained more than four months prior to the filing of the petition, it is not only not to be deemed to be null and void on adjudication, but its validity is recognized. Metcalf v. Barker, 187 U. S. 165 (23 Sup. Ct. 67, 47 L. ed. 122); 1 Loveland on Bankruptcy, § 447. The plaintiffs had valid liens which were unaffected by the bankruptcy of the defendant, and which were enforceable in the State courts. They were attempting to enforce these liens in an equitable action having for its main purpose the equitable subjection of a specific tract of land to their lien. Where the main purpose of an equitable action is to subject specific property to the plaintiffs' liens, an incidental prayer for relief appropriate to an insolvency proceeding will not alone suffice to convert the action into such a proceeding. Merry v. Jones, 119 Ga. 643 (46 S. E. 861).

3. On the hearing there was absolutely no evidence to sustain the original theory of the petition that Rylee's deed to Atkins was fraudulent and made to hinder creditors in the collection of their debts. It appeared that Rylee borrowed of Atkins $3,000, and secured the debt by deed to the 200-acre tract of land, and that he owed this amount on January 1, 1913. Subsequently to the execution of the deed, but prior to its record, Billups Phinizy obtained a judgment against Rylee, upon which execution issued, and he also procured a distress warrant to be issued against Rylee and levied before the record of the deed. These two liens were levied on the same land, and statutory claims were filed by Atkins. The papers were returned to court, and were pending therein when the present petition was filed four or five years thereafter. During

43

this time some sort of arrangement was made between Billups Phinizy and Atkins, whereby the execution which the former held against Rylee was transferred to Atkins, and at the time of the hearing it had been reduced by payments made by Rylee to $257. After the record of the security deed from Rylee to Atkins, the Virginia-Carolina Chemical Company obtained a judgment against Rylee, and later on Hardeman and Phinizy obtained judgments against Rylee. More than four months after the various judgments were obtained against him, Rylee was adjudged a bankrupt. The only property of which Rylee was possessed at the time of his adjudication was his equity of redemption in this 200-acre tract of land. The land was worth from $6,000 to $7,000, and the amount due Atkins on his assigned execution and security deed, and that due to Billups Phinizy on his distress warrant, aggregated about $5,000. The amount of the judgments of the other complaining creditors, when added to these liens, greatly exceeded the value of the land. From the foregoing summary of the evidence it will appear that the situation was this: Atkins held a security deed to the land, and the oldest fi. fa. against the debtor. Billups Phinizy held a distress warrant which had been levied prior to the record of the security deed to Atkins. This prior levy gave the warrant a priority of lien over the security deed. Civil Code, § 3307. So the plaintiff Billups Phinizy needs no equitable aid to enable his distress warrant to proceed.

Under the facts developed on the interlocutory hearing, have the creditors whose judgments were obtained after the record of the security deed the right to subject the debtor's equity of redemption as an equitable asset? Under the statute (Civil Code, §§ 6037, 6039) the holder of a bond for titles has no leviable interest in the land until he becomes invested with the legal title. The statute has been held applicable to the grantor in a security deed, who has taken from his grantee a bond to reconvey upon payment of the debt. Before creditors of a grantor in a security deed can levy upon his interest in the land, there must be a redemption of the property, which can be accomplished only by payment of the secured debt. *Phinizy* v. *Clark,* 62 *Ga.* 623; *Groves* v. *Williams,* 69 *Ga.* 614; *Shumate* v. *McLendon,* 120 *Ga.* 396 (48 S. E. 10.) The mere fact that the lien of a judgment creditor, obtained against the grantor subsequently to the making of the security deed, can

not be enforced by levy and sale until the grantor's title has become revested by redemption, is insufficient to subject the grantor's interest in the land as an equitable asset. *Swift* v. *Lucas, 92 Ga.* 796 (19 S. E. 758). Perhaps a judgment creditor, unable by reason of his insolvency or inability to redeem the land, might go into equity and subject the interest of his debtor in land conveyed to another to secure a debt, without redemption; but no such ground for equitable interference is made in this case. The undisputed proof was that the judgment creditors were able to redeem the land.

4. Therefore, inasmuch as the integrity of the security deed was not impugned, and as the judgment creditors whose liens were obtained subsequently to the record of the security deed show no equitable ground for the subjection of the maker's interest in the land as an equitable asset, and as there is no legal impediment against the enforcement of the liens obtained prior to the record of the security deed, it follows that a permanent receiver should not have been appointed.

There being no ground for the appointment of a permanent receiver, the next question is, what disposition of the land in the hands of the temporary receiver should have been made. As we have shown, the trustee was not entitled to the possession of the property, for the reason that at the time of the bankrupt's adjudication the property was in custodia legis by virtue of the levy of a lien obtained more than four months prior to the bankruptcy. It was improper to appoint a permanent receiver under the facts developed at the hearing. Therefore the court should have refused the application for a receivership and also the application of the trustee of the bankrupt, and remanded the property to the sheriff, from whose custody it was taken by the appointment of a temporary receiver, to await the final disposition of the litigation pending in Banks superior court, to wit: the issue formed by the filing of a claim to the levy of the distress warrant.

*Judgment reversed. All the Justices concur.*