7528. COOPER, receiver, *v.* DANNENBERG COMPANY.

The bankrupt's property in the custody of the sheriff of the municipal court of Macon being so held by virtue of a seizure made under process from that court before the institution of bankruptcy proceedings, the municipal court did not err in refusing the petition of the receiver of the bankruptcy court for an order directing the sheriff to deliver the property to the receiver.

DECIDED SEPTEMBER 21, 1916.

Petition; from municipal court of Macon—Judge Chambers. May 2, 1916.

*A. L. Jackson, Feagin & Hancock,* for plaintiff.

*Hardeman, Jones, Park & Johnston, W. C. Turpin,* for defendant.

HODGES, J. This case is based upon a petition of Cooper, appointed receiver by the United States district court for the southern district of Georgia for Halpern Brothers, against the sheriff of the court and Turpin, plaintiff in a distress warrant, praying that the stock of goods constituting the entire assets of the bankrupt be turned over to the receiver. When the case was called for trial the Dannenberg Company filed an intervention, and the other defendants answered, setting up in substance that the receiver, as a matter of law, was not entitled to the possession of the property. Over objection the court allowed Dannenberg Company to intervene. The court refused to order the surrender of the property to the receiver, and the case is here for review.

It appears that on March 23, 1916, Turpin sued out in the municipal court of Macon a distress warrant for the sum of $132, which was levied on a stock of goods said to be worth $2,500. The Dannenberg Company foreclosed a mortgage thereon in Bibb superior court and placed the fi. fa. in the hands of the municipal court sheriff. The sheriff, having in his custody the goods levied on by Turpin, made a return of levy on the mortgage fi. fa. Thereafter, on April 3, 1916, other creditors of Halpern Brothers put them in bankruptcy, and Cooper, being appointed receiver, made an application for the property in the custody of the sheriff of the municipal court.

The return of the sheriff on the mortgage fi. fa. has nothing to do with the case. The property was in the hands of the court under a valid levy before bankruptcy, and the legality of the so-called levy of the mortgage fi. fa. is a matter of no concern, so far as the result of the case can be affected. The court did not err in refusing to order the sheriff to deliver the property to the receiver. The sheriff of the municipal court had the right to levy the distress warrant. Acts of 1913, pp. 252, 256, sec. 13. It is well-settled law in Georgia that property seized under a valid process by an officer of the State court will be administered by the State court, notwithstanding intervening bankruptcy. "Where the main purpose of the suit is to foreclose a mortgage and there is also an incidental prayer for relief appropriate to insolvency proceedings, a receiver's possession thereunder will not be affected by a subsequent adjudication in bankruptcy." *Merry* v. *Jones,* 119 *Ga.* 643 (46 S. E. 861). See also *Virginia-Carolina Chemical Co.* v. *Rylee,* 139 *Ga.* 669 (78 S. E. 27); *Harris* v. *Luxury Fruit Co.,* 142 *Ga.* 67 (82 S. E. 447). The adjudication of bankruptcy did not divest the other court of jurisdiction. Eyster *v.* Gaff, 91 U. S. 521 (23 L. ed. 403). There was no error, and the judgment is

*Affirmed.*