8270. STEINHAUER & WIGHT INCORPORATED *v.* ADAIR.

JENKINS, J. 1. The rule of law which does not permit a defendant in trover suit to set up damages by way of recoupment, even though growing out of the same contract, except where some special equity exists therefor, such as the non-residence or insolvency of the plaintiff (*Bell* v. *Ober &c. Co.*, 111 *Ga.* 668, 36 S. E. 904; *Harden* v. *Lang*, 110 *Ga.* 392, 36 S. E. 100; *Barrow* v. *Mallory*, 89 *Ga.* 76, 14 S. E. 878), does not preclude a defendant in bail-trover where he, claiming title to the property sued for, prevails in the suit, from exercising his right to take a money judgment, in lieu of the property, against the plaintiff and the surety on the statutory bond given by the plaintiff. Thus, where in such a suit for the recovery of personal property the defendant in his answer claims title to the property by reason of a purchase from the plaintiff, and claims that under the contract of purchase a

portion of the agreed price has been paid and the remainder thereof has been tendered, and elects to take a money verdict, a finding for him in the amount of such payment, upon which judgment is rendered against the plaintiff and his surety on the statutory bond, is not contrary to law. *Lauchheimer* v. *Jacobs*, 126 *Ga.* 261 (5) (55 S. E. 55); *Bank of Blakely* v. *Cobb*, 5 *Ga. App.* 289 (63 S. E. 24); *Underwood Typewriter Co.* v. *Veal*, 12 *Ga. App.* 11 (76 S. E. 645); *Holmes* v. *Langston*, 110 *Ga.* 867 (2) (36 S. E. 251).

2. Where, after the institution of such a suit and the giving by the plaintiff of the bond with security as provided for in such cases, the plaintiff is adjudged a bankrupt, such adjudication, or even a discharge in bankruptcy, would not operate to defeat the right of the defendant to recover of the surety on the bond. Such an adjudication or discharge in bankruptcy as to the plaintiff will not prevent a judgment against him together with the surety on the bond, even though as against the principal it could be enforced, the only effect of such judgment being to charge the surety with liability on the bond. *King* v. *Central Bank*, 6 *Ga.* 257; *Phillips* v. *Solomon*, 42 *Ga.* 192; Id. 520; *U. S. Fidelity & Guaranty Co.* v. *Murphy*, 4 *Ga. App.* 13 (4) (60 S. E. 831); *Kaminsky; v. Horrigan*, 2 *Ga. App.* 332 (4) (58 S. E. 497); Abendroth v. Van Dolsen, 131 U. S. 66 (5) (9 Sup. Ct. 619, 33 L. ed. 57); Brown & Brown Coal Co. *v.* Antezak, 164 Mich. 110 (128 N. W. 774, 130 N. W. 305, Ann. Cas. 1912B, 778, 25 Am. Bk. R. 898); Butterick *v.* Bowen Co., 33 R. I. 40 (80 Atl. 227, 26 Am. Bk. R. 718); Tormey *v.* Miller, 31 Cal. App. 469 (160 Pac. 858, 38 Am. Bk. R. 315). The practice pursued by the defendant in this case, by which he sought and obtained a stay of the discharge of plaintiff in the bankrupt court, was proper; and the admission in evidence of such proceeding was not erroneous. In re Maher, 169 Fed. 997 (22 Am. Bk. R. 290); In re Phillips, 224 Fed. 628 (34 Am. Bk. R. 877).

3. The admission of evidence complained of in the first special ground of the motion for new trial, though its admissibility was doubtful (the defendant being thus permitted to show how he came to meet with the alleged agent of the plaintiff), was not harmful error requiring a reversal, especially as there was some testimony inferentially tending to connect the plaintiff with the advertisement testified to.

4. Exception is taken to the admission of testimony of the defendant, reciting conversations between him and two of the admitted agents and employees of the plaintiff, in which it was disclosed to them by the defendant in the presence of Thomas, the person with whom the transaction was actually effected, that the defendant was about to buy from or through Thomas the car for which the suit was brought. The objection to this evidence was on the ground that the agency of Thomas could not thus be shown either by the declaration of, or by such notice to, another agent of the principal. While it is true that "agency can not be proved by the declaration of another agent of the same principal, made to the witness, unless it appears that the latter agent was authorized by the principal to make the declaration, or that it was made as a part of the res gestæ in the performance of some duty

appertaining to his agency" (*Hirsch* v. *Oliver*, 91 *Ga.* 554 (6), 555, 18 S. E. 354), still, under the evidence of Steinhauer, the president of the plaintiff corporation, these same facts were likewise made known to him by the defendant. Steinhauer admitted that prior to the sale by Thomas, whose agency he now disputes, he met the defendant and Thomas out testing the car, and that he inferred therefrom that it was the defendant's purpose to buy the car, and that prior to the purchase the defendant made inquiry of him as to its condition; and he admitted that the defendant may have then told him, as claimed, that he was negotiating the purchase from Thomas. Thus, since the only effect of the evidence complained of was to establish a state of facts which the plaintiff admitted to be true, the admission of such testimony can not be held to be harmful error.

5. The other grounds of the motion for new trial are without merit.

> *Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*
> DECIDED AUGUST 3, 1917.

Trover; from Fulton superior court—Judge Bell. September 22, 1916.

*Edgar A. Neely,* for plaintiff.   *Dodd & Dood,* for defendant.