SPRAGUE, WARNER & CO. *v*. FISCHER.

BANKRUPTCY—JUDGMENTS—APPEAL BONDS—LIABILITY OF SURETIES
—STATUTES.

> Sureties are liable on an appeal bond after a judgment
> debtor goes into bankruptcy to a judgment creditor who
> ignores the bankruptcy proceedings, in which the debtor
> secures a composition with his creditors and pays the
> fund into court, scheduling the claim of the judgment
> creditor as a judgment, such sureties having ample means
> of protecting themselves under section 57*i* of the bank-
> ruptcy act (30 U. S. Stat. 560), providing that "whenever
> a creditor, whose claim against a bankrupt estate is se-
> cured by the individual undertaking of any person, fails
> to prove such claim, such person may do so in the cred-
> itor's name, and if he discharge such undertaking in
> whole or in part he shall be subrogated to that extent
> to the rights of the creditor."

Error to Wayne; Collingwood, J., presiding.  Sub-
mitted October 16, 1917.  (Docket No. 146.)   Decided
December 28, 1917.

Assumpsit in justice's court by Sprague, Warner
& Company against Paul F. Fischer for goods sold and
delivered.  There was judgment for plaintiff, and de-
fendant appealed to the circuit court, filing the statu-
tory appeal bond.  On defendant's being adjudged a
bankrupt, plaintiff asked for judgment against the
sureties on the appeal bond.  Judgment for plaintiff.
Defendants bring error.  Affirmed.

*Frank A. Rasch* and *Zimmer & Chedester*, for ap-
pellants.

*Douglas, Eaman & Barbour*, for appellee.

MOORE, J.  The defendant Fischer was sued in jus-
tice's court and judgment taken against him April

24, 1915. He appealed to the circuit court and gave the usual appeal bond, signed by the other defendants as sureties. On July 14, 1915, he was adjudged a bankrupt. He secured a composition with his creditors which was confirmed October 15, 1915, and paid the fund into court. The plaintiff's claim was duly scheduled as a judgment by the bankrupt, but the plaintiff paid no attention to the bankruptcy proceedings. It relied upon the bond. The defendant pleaded his composition with creditors as an accord and satisfaction of plaintiff's demand. The case was tried by the court without a jury by consent. Judgment was rendered against all of the defendants with stay of execution against Fischer.

The defendants claim by their assignments of error: (1) That no judgment whatever could be taken against the defendant Fischer after his composition in bankruptcy; and (2) hence no judgment could be taken against the sureties; (3) that plaintiff was bound by the proceedings and confirmation in bankruptcy, and could not offer testimony to show he had ignored it; (4) that, even if the sureties were liable, it would be only for the deficiency after the composition paid.

The trial judge was of the opinion that the case of *Brown & Brown Coal Co.* v. *Antezak*, 164 Mich. 110 (128 N. W. 774, 130 N. W. 305, Am. & Eng. Ann. Cas. 1912B, 778), was controlling. Counsel for appellants contend the cases are distinguishable because in the one case suit was begun by attachment, and the principal defendant was afterwards discharged in bankruptcy; while in the instant case the principal defendant effected a composition with his creditors and after paying the money into court obtained his discharge.

The difference in the facts does not make any difference in the principles involved. In both cases the sureties had signed appeal bonds which were condi-

tioned alike. In both cases the conditions were not met, and the liability of the sureties attached. It is said, if the judgment is sustained, the plaintiff might collect 125 per cent. on his claim, and that in any event the sureties should be held for only the difference between the debt and the amount he would have received had he accepted the composition. This does not follow. The sureties had ample means of protecting themselves by virtue of section 57*i* (30 U. S. Stat. 560), which reads as follows:

"Whenever a creditor, whose claim against a bankrupt estate is secured by the individual undertaking of any person, fails to prove such claim, such person may do so in the creditor's name, and if he discharge such undertaking in whole or in part he shall be subrogated to that extent to the rights of the creditor."

Under that section of the bankruptcy act the sureties could have proved the claim of the plaintiff had they so desired.

The judgment is affirmed, with costs to the plaintiff.

KUHN, C. J., and STONE, OSTRANDER, BIRD, STEERE, BROOKE, and FELLOWS, JJ., concurred.