Coös,
June 28, 1919.

### Josephine Langlois *v.* Association Canado-Américaine.

The by-law of a fraternal beneficiary society may be a stipulation of the contract of insurance and may be waived by the society.

A waiver of such a by-law in regard to monthly payments of assessments may be proved by a course of dealing with the assured whereby his payment of assessments once in two months was accepted as a satisfactory compliance with the contract.

The secretary-treasurer of a beneficiary society, who was authorized to collect the dues for its high court on the issuing of policies, was held to be the agent of the society for the collection of assessments and such waiver could be found from his acceptance thereof.

Action, upon a policy of insurance dated February 5, 1914, upon the life of one Frank Langlois who died January 23, 1917. The defence was that the insured had not complied with the by-law requir-

ing him to pay $2.66 each month and that he was under suspension for non-payment of the assessment or dues for December, 1916. Upon the defendants' motion for a nonsuit, the plaintiff claimed there was evidence of a waiver of the by-law requiring monthly payments. Subject to exception a nonsuit was ordered upon the defendants' engagement that if the exception were sustained there should be judgment for the plaintiff for the amount due on the policy. Transferred by *Marble*, J., from the December term, 1918, of the superior court.

The evidence relating to the exception appears in the opinion.

*Ovide J. Coulombe* (by brief and orally), for the plaintiff.

*Joseph E. Lachance, Robert W. Upton* and *George F. Rich* (*Mr. Upton* orally), for the defendants.

PARSONS, C. J.   The by-law of a fraternal insurance company, such as is here relied upon, is a stipulation of the contract which may be waived. *Downs* v. *Knights of Columbus*, 76 N. H. 165. Such waiver is proved by evidence tending to show the stipulation had been abandoned so that it was no part of the contract sued upon (*Salvail* v. *Catholic Order of Foresters*, 70 N. H. 635; *Dunn* v. *Insurance Co.*, 69 N. H. 224) or of a course of conduct which would estop the defendant from now setting it up. *Lally* v. *Insurance Co.*, 75 N. H. 188; *Appleton* v. *Insurance Co.*, 59 N. H. 541, 546. Upon the latter proposition the case cannot be distinguished from *Lally* v. *Insurance Co.* Although the by-law required payment of the monthly dues before the last of each month, the evidence was that in 1916 the officer designated by the defendants to collect the dues accepted payment from Langlois of two months at a time, one month being overdue, three times in 1916 and five times in 1914 and 1915 without objection, remonstrance or suggestion that he was in any way in default. From this evidence the jury would be justified in inferring that the insured had been led to believe that payment once in two months was all that was necessary to keep the policy in force. Having by their course of business authorized this belief in the insured, reasonable men might conclude the insurers could not equitably be permitted to insist upon the forfeiture or suspension which would follow a strict application of the by-law. Langlois paid his November assessment. The time permitted for the payment of the assessment for January, 1917, had not expired. Payment of the December

assessment any time in January would have been a compliance with the contract for December such as the defendant's accepted for August, May and March, 1916, and for five other months in the two years preceding. This evidence the defendants attempt to answer by calling attention to by-law No. 201: "Any member suspended for the non-payment of his assessments to the insurance fund or the contributions to the other funds, may be reinstated if he shall comply with the following conditions: (1) During the first month following his suspension, by paying all of his arrearages; provided he is in good health when making such payment." If this by-law applied, it is not clear that it would not be for the jury upon the testimony of the collector to say whether the month-late payments of which there were so many were made to secure reinstatement after suspension or understood to be made and accepted as a compliance with the contract. But this by-law was not in force in December, 1916, but is part of the amended by-laws which went into force January 1, 1917, and necessarily relates to payments becoming due after its adoption. The only payment thereunder, the January assessment, was not in default until after the assured's death so that the amended by-laws are without application.

Article 199 of the by-laws of 1913 in force in 1916 is: "Any member, suspended for arrearages or for being behind in the payment of supplementary assessments or fines, may be reinstated if he shall discharge all his debts within the 60 days following his suspension and declare upon his word of honor that he is in good health." There is no evidence which has any tendency to prove that in making the overdue payments Langlois understood he was securing reinstatement under this by-law. The evidence tends to prove the contrary. The jury could therefore find that from the course of business permitted by the defendants payment once in two months was a compliance with the contract to the satisfaction of the defendants. It was the duty of the secretary-treasurer, to whom Langlois paid, to collect the dues of members for the high court issuing the policy. *Art.* 142. This made him the agent of the insurer for the collection of the insurance assessments. *Art.* 144 provides that he shall have no right to accept any payment from a member whose name has been stricken from the rolls. But Langlois' name was not stricken from the rolls. He was not entered as suspended. He was suspended, if at all, by force of the by-law [192] providing: "All members who shall not have paid their assessments on the last day of the month shall be *ipso facto* suspended." There was evidence this

by-law was waived to the extent of granting an additional month's credit and the exception to the order of nonsuit is sustained. According to the stipulation of the case, there should be

*Judgment for the plaintiff.*

All concurred.