TATTNALL BANK *et al. v.* SMITH.

DUCKWORTH, Justice. 1. Where a proper levy upon land has been made, the land is in the custody of the court from which the execution issued. *Virginia-Carolina Chemical Co.* v. *Rylee*, 139 *Ga.* 669 (4) (78 S. E. 27).

2. The validity of the lien of a judgment obtained more than four months before the adjudication in bankruptcy is not affected by the bankruptcy proceedings. *Philmon* v. *Marshall*, 116 *Ga.* 811 (43 S. E. 48); *Camp* v. *Young*, 119 *Ga.* 981 (47 S. E. 560).

3. Where land is in the custody of a State court by virtue of a levy made more than four months before the filing of bankruptcy proceedings by the defendant in fi. fa., the land remains in the exclusive jurisdiction of the State court for the purpose of satisfying the lien under which the levy is made. *Virginia-Carolina Chemical Co.* v. *Rylee*, supra; *Kaminsky* v. *Horrigan*, 2 *Ga. App.* 332 (2) (58 S. E. 497); *United States Fidelity & Guaranty Co.* v. *Murphy*, 4 *Ga. App.* 13 (4) (60 S. E. 831); *Cooper* v. *Dannenberg Co.*, 18 *Ga. App.* 615 (89 S. E. 1089).

4. Where land is thus in the possession of the State court, the bankrupt is not entitled to come into a State court and enjoin a sale under the levy in order that he may have the Federal bankruptcy court set aside to him as exempt the property levied upon; and especially is this true where the judgment which is the basis of the levy is founded upon a note containing a valid waiver of homestead and exemption. *Urquhart* v. *Leverett*, 69 *Ga.* 92 (4); *Carter* v. *Peoples National Bank*, 109 *Ga.* 573 (2) (35 S. E. 61).

5. Under the rulings made above, it was error for the court to grant a temporary injunction restraining a sale of the land until the bankruptcy court could pass upon the homestead exemptions of the defendant in execution. *Judgment reversed. All the Justices concur.*

No. 13657. APRIL 16, 1941. REHEARING DENIED MAY 16, 1941.

90

*J. V. Kelley,* for plaintiffs in error.  *Aaron Kravitch,* contra.